BENJAMIN F. DAVIS

*v.*

THE OVERSEER OF THE POOR OF THE TOWNSHIP OF DELA-WARE.

A court of equity cannot enjoin proceedings, on a judgment at law entered against the complainant on the verdict of a jury taken by the crier of the court, where the complainant does not allege any defence to the proceedings, although he does show an ineffectual attempt to have the judgment set aside at law.

On bill for injunction.

*Mr. J. Eugene Troth,* for complainant.

BIRD, V. C.

The bill of complaint shows that the complainant was prosecuted before two justices, on a charge of being the father of a bastard child; that judgment went against him; that he appealed and obtained a trial by jury; that the jury rendered their verdict to the crier of the court, in the absence of the court and the clerk; that the verdict so rendered was "guilty," which was written by the crier in the clerk's book; that a regular or formal judgment was entered in the minutes or records of the court; that the complainant took proceedings to have the judgment reversed by the supreme court, because of the irregular

way in which the verdict was returned—in being taken by the crier, in the absence of both court and clerk; that the supreme court pronounced the judgment a nullity, but declared itself unable to afford relief as the case stood; that he then opened the case before the court below, and, after the fullest and clearest proof of the facts, asked the court to set aside the judgment, which the court refused to do; that he then obtained a *certiorari*, and the case was heard again before the supreme court; that the supreme court concluded that it was a matter of discretion with the court below, and therefore refused to disturb the judgment; that from this judgment of the supreme court, he took an appeal to the court of last resort, and was heard, but heard in vain; that he is without relief from a verdict thus wrongfully and illegally entered and the judgment thereon, except in this court. The bill asks for the interference of this court, restraining the overseer of the poor from any further proceedings on the said judgment.

There is no statement in the bill that the complainant has any defence to the proceedings, equitable or otherwise. The only ground alleged to move the arm of the court is the irregularity or illegality of the manner of taking the verdict.

Therefore, is there any ground for the interference of this court? I think not. If this court were to act, in all cases of clear or well-established irregularities in the law courts, because relief is not afforded there, without allegations of an equitable nature, such as challenge attention in other cases, it would, in such cases, be a court of review. The jurisdiction of this court rests on no such basis. This court interferes not, unless there is exhibited an equity which lies beyond the reach of a court of law. And since the court of errors and appeals has very recently considered this subject, I shall content myself with a reference to the case then before them, and to the many cases cited in the foot-notes by the reporter. *Cutter* v. *Kline, 8 Stew. Eq. 534.* The injunction is denied.

NOTE.—The opinions of the supreme court in this case may be found in *Davis* v. *Delaware, 12 Vr. 55,* and *13 Vr. 513,* and the affirmance of the latter in *Davis* v. *Delaware, 16 Vr. 186;* see also, *6 N. J. L. J. 11.*—REP.